BELL, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 7.—April 1, 1930.*

The cause was submitted for the plaintiff in error on the briefs of *Edward H. Ryan* and *J. G. McWilliams,* both of Janesville, and for the defendant in error on that of *George S. Geffs,* special assistant district attorney for Rock county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

ROSENBERRY, C. J.   There are several assignments of error.   Those of a substantial character raise the question of whether or not the evidence received upon the trial was sufficient to sustain the verdict of the jury.

The complaining witness was Adolph Helwig, a farmer who occupied a farm adjoining the farm occupied by the defendant.   It was the contention of the State that the heifer in question crossed over onto the premises of the defendant; that the heifer was taken, confined in the barn of the defendant, and sold to a stock-buyer.   The question turns upon the proof of identity of the heifer admittedly sold by the defendant to the stock-buyer, Dutcher.   The complaining wit-

ness, his son Eddie Helwig, Douglas Smith, an employee of the defendant at the time in question, and Paul Taylor, part owner of the farm occupied by the defendant, testified to the facts upon which the State relies for a conviction. The defendant E. L. Bell, his son Frank Bell, the wife of the defendant Hazel Bell, and E. D. Dutcher, the stock-buyer, gave testimony which tends to contradict that given by the State's witnesses.

We have carefully examined this testimony. No good purpose would be served by setting it out at length. The evidence as to the identity of the heifer purchased by Dutcher and lost by the complaining witness, Helwig, is not strong and depends mainly but not entirely upon the testimony given by the defendant's hired man, Douglas Smith. He testifies on direct examination that the heifer sold by the defendant to Dutcher was the heifer which was lost by Helwig and that the heifer sold by the defendant to Dutcher had horns. This is denied by Dutcher, Bell and his wife, and Bell's son. There are circumstances in the record which tend to support the version given by Douglas Smith. The trial court and the jury had the witnesses before them. The jury found the defendant guilty. Its verdict was sustained, upon motion for a new trial, by the trial court. It is considered that the evidence produced by the State, while far from conclusive, is sufficient if believed by the jury to sustain the verdict.

Other assigned errors do not require separate treatment. *By the Court.*—Judgment affirmed.